PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. SABÁS PABÓN, Defendant and Appellant.

No. 2888. Argued November 19, 1926.—Decided December 23, 1926.

*Agustín E. Font* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Two errors are alleged by the appellant for a reversal of the judgment appealed from.

He contends that he was charged separately with carrying arms and with involuntary homicide, both committed in the same instance; and that after the trial of the case for carrying arms was set, he motioned for its continuance until the second case had been tried. The court overruled the motion.

A court has discretion to postpone or not the trial of a case, and the grounds alleged by the defendant that his right of defense was curtailed for the reason that if he testified in the case of carrying arms because he deemed it necessary or favorable to his interest, he might incriminate himself in the more serious case of homicide, and that his right not to testify therein would be invalidated, are not sufficient to show that the court abused its discretion in overruling the motion for continuance. Defendant was charged with the commission of two separate offenses and it was not necessary to make either of them dependent on the other. The only thing required by justice was the investigation of the truth by legal means. The liabilities were independent and it was not

necessary to take into consideration the convenience or inconvenience of the defendant.

The other assignment was that the minor offense of carrying arms was included in the major offense of homicide and therefore it could not be prosecuted independently. This question has been decided adversely by this Supreme Court in many cases.

"The crime of carrying firearms is different from the crime of discharging same and causing the death of a person, and the former is not necessarily included within the latter, . . . . " *Ex parte Torres*, 11 P.R.R. 98.

"The offense of carrying arms cannot be merged in the offense of assault and battery or riot." *Ex parte Huertas et al.*, 22 P.R.R. 490.

It seems proper also to quote from Corpus Juris as follows:

"Conviction of assault with intent to murder does not bar a prosecution for carrying a pistol, although both offenses were committed on the same occasion and were parts of the same transaction; and a conviction of the latter is not a bar to a prosecution for the former offense. A conviction for an assault with a weapon is not a bar to a subsequent prosecution for carrying a concealed weapon; and a conviction for carrying prohibited weapons is not a bar to a subsequent prosecution for assault and battery. An acquittal on the charge of unlawfully carrying brass knuckles is not a bar to a subsequent prosecution for an assault with knucks." 16 C. J. 275.

The judgment appealed from must be affirmed.

Mr Justice Hutchison took no part in the decision of this case.